UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MAXX MILLER,<br><br>   *Plaintiffs*,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, AND NEWREZ, LLC<br><br>   *Defendants*. | Case Number: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Maxx Miller, by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, Equifax Information Solutions, Inc. ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"), and NewRez, LLC (NewRez); (collectively, "Defendants"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff against all Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction for Plaintiffs' FCRA claims arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendants within Pinellas County, Florida, which is within this District.

## PARTIES

4. Mr. Miller is a resident in Clearwater, Florida.

5. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

6. Experian is an Ohio corporation, with a primary business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

7. Experian is registered to conduct business in the State of Florida, where its registered agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

8. Equifax is a Georgia limited liability company with a primary business address of 1550 Peachtree Street NE, Atlanta, GA 30309.

9. Equifax is registered to conduct business in the State of Florida, where its registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

10. Trans Union is a Delaware limited liability company, with a principal business address of 555 West Adams Street, Chicago, IL 60661.

11. Trans Union is registered to conduct business in the State of Florida, where its registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

12. Equifax, Experian, and Trans Union are each a "Consumer Reporting Agency" ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that they, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and use various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

13. NewRez is a limited liability company located at 1100 Virginia Drive, Suite 125, Fort Washington, PA 19034.

14. NewRez has a registered agent listed as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

15. NewRez has registered the fictitious name "Shellpoint Mortgage Servicing" and furnishes data about consumer mortgages to the CRA co-Defendants.

16. NewRez servicing residential mortgages, including the one for Mr. Miller's home in Clearwater, and furnishes data about those mortgages to the CRA co-Defendants.

## FACTUAL ALLEGATIONS

17. Mr. Miller's home is located Clearwater, Florida.

18. Mr. Miller's home mortgage is serviced by NewRez.

19. Mr. Miller's home was devastated by Hurricane Milton.

20. Within days of the considerable damage, Mr. Miller contacted NewRez via phone.

21. NewRez put Mr. Miller's account in forbearance due to the storm damage.

22. NewRez told Mr. Miller that, because this was a natural disaster, he could submit paperwork to reduce payments or choose a deferment that required no paperwork. He chose deferment based on NewRez's assurances that "it wouldn't be a problem."

23. Mr. Miller performed everything NewRez asked of him.

24. Despite NewRez's previous statements, a few months later they informed Mr. Miller that he was denied.

25. Mr. Miller, naturally upset, was told that he could re-apply and that he would not have to make payments in the interim.

26. All of these statements, made over phone calls, were recorded by NewRez.

27. During this interim period, NewRez would not let Mr. Miller make payments online.

28. Mr. Miller relied on these statements, bolstered by the payment block, and did not make payments during the applicable time period.

29. Then, a new point of contact at NewRez was assigned to Mr. Miller's file.

30. That new person contradicted their predecessors' statements, and told Mr. Miller that he was months overdue on his payments.

31. That same person also threatened to damage Mr. Miller's credit.

32. Mr. Miller immediately paid the entire amount demanded.

33. Mr. Miller's credit reports were significantly damaged by NewRez reporting Mr. Miller missed payments when, in fact, they directly told him not to make any payments during that time.

34. Mr. Miller submitted disputes to all three CRA co-Defendants detailing the inaccuracy and the underlying facts on October 29, 2025.

35. Mr. Miller specifically mentioned that the recorded phone calls in NewRez' possession objectively showed what NewRez told him not to pay during the applicable time.

36. All of the disputes were responded to by confirming that the inaccurate payment history should remain on Mr. Miller's reports.

37. Had any of the Defendants reviewed the applicable phone call recordings, they would have realized that the missed payments were materially misleading and inaccurate. Mr. Miller was told that he didn't need to make the payments.

38. Mr. Miller has been impeded from getting an additional loan to finish the repairs to his home due to the inaccurate reporting and the Defendants failure to rectify the inaccuracies upon dispute.

39. Mr. Miller hired the aforementioned law firm to represent them in this matter and has assigned their right to fees and costs to such firm.

40. Mr. Miller has spent considerable time and money attempting to remedy the situation, which he otherwise would not have spent had the Defendants ensured his reporting was accurate after processing his valid and objectively verifiable dispute.

41. This situation has caused Mr. Miller great hardship as it impacted his ability to complete the repairs to his home. It also caused him, in connection with the misrepresentations by NewRez, to feel angry, upset, anxious, lose sleep, and feel hopeless about fixing his situation.

## COUNT I
## WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)
## NewRez

42. Plaintiff hereby incorporates paragraphs 1 – 41 as if fully stated herein.

43. NewRez violated **15 U.S.C. § 1681s-2(b)** when it failed to conduct a reasonable investigation after receiving notice of dispute of the Debt from the co-Defendant CRA's, as simply reviewing the recorded phone calls would have revealed NewRez instructed Mr. Miller not to pay, only to report him as late anyway.

44. NewRez's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not.

45. NewRez's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable

investigations, and its policies could reasonably be foreseen to cause harm to Mr. Miller.

46. Accordingly, pursuant to 15 U.S.C. § 1681n, NewRez is liable to the Plaintiff for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to enter judgment against NewRez for:

a. The greater of statutory damages of $1,000 per incident or Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b) against NewRez - In the Alternative to Count I

47. Plaintiff hereby incorporates paragraphs 1 – 41 as if fully stated herein.

48. NewRez violated **15 U.S.C. § 1681s-2(b)** when it failed to conduct a reasonable investigation after receiving notice of dispute of the Debt from the co-Defendant CRA's, as simply reviewing the recorded phone calls would have revealed NewRez instructed Mr. Miller not to pay, only to report him as late anyway.

49. NewRez breached this duty when it verified its reported information regarding the Debt as accurate in response the disputes.

50. NewRez thus negligently violated 15 U.S.C. § 1681s-2(b), and pursuant to 15 U.S.C. § 1681o, and it is liable to Plaintiff for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to enter judgment against NewRez for:

    a. Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c. Such other relief that this Court deems just and proper.

## COUNT III
## WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A) against Experian

51. Plaintiff hereby incorporates paragraphs 1 – 41 as if fully stated herein.

52. Experian violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into the NewRez tradeline, since any reasonable investigation would have concluded that NewRez actually told Mr. Miller not to make a payment during the months it reported him as being late.

53. Experian's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not.

54. Experian's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to the Plaintiff.

55. Accordingly, pursuant to 15 U.S.C. § 1681n, Experian is liable to the Plaintiff for the greater of his actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to enter judgment against Experian for:

a. The greater of statutory damages of $1,000 per incident or Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT IV
### NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A) against Experian - In the Alternative to Count III

56. Plaintiff hereby incorporates paragraphs 1 – 41 as if fully stated herein.

57. Experian owed Plaintiff a legal duty to reasonably investigate his disputes into the NewRez tradeline upon notice of dispute.

58. Experian violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into the NewRez tradeline, since any reasonable investigation would have concluded that NewRez actually told Mr. Miller not to make a payment during the months it reported him as being late.

59. Experian's conduct was negligent, and pursuant to 15 U.S.C. § 1681o, Experian is liable to Plaintiff for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to enter judgment against Experian for:

a. Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## COUNT V
## WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A) against Trans Union

60. Plaintiff hereby incorporates paragraphs 1 – 41 as if fully stated herein.

61. Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into the NewRez tradeline, since any reasonable investigation would have concluded that NewRez actually told Mr. Miller not to make a payment during the months it reported him as being late.

62. Trans Union's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not.

63. Trans Union's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to the Plaintiff.

64. Accordingly, pursuant to 15 U.S.C. § 1681n, Trans Union is liable to Plaintiff for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to enter judgment against Trans Union for:

a. The greater of statutory damages of $1,000 per incident or Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT VI
## NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A) against Trans Union - In the Alternative to Count V

65. Plaintiff hereby incorporates paragraphs 1 – 41 as if fully stated herein.

66. Trans Union owed the Plaintiff a legal duty to reasonably investigate his disputes into the missed payment misrepresentation.

67. Trans Union breached this duty under 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into the NewRez tradeline, since any reasonable investigation would have concluded that NewRez actually told Mr. Miller not to make a payment during the months it reported him as being late.

68. Trans Union's conduct was negligent, and pursuant to 15 U.S.C. § 1681o, Trans Union is liable to Plaintiff for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to enter judgment against Trans Union for:

a. Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

### COUNT VII
### WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A) against Equifax

69. Plaintiff hereby incorporates paragraphs 1 – 41 as if fully stated herein.

70. Equifax violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into the NewRez tradeline, since any reasonable investigation

would have concluded that NewRez actually told Mr. Miller not to make a payment during the months it reported him as being late.

71. Equifax's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not.

72. Equifax's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to the Plaintiff.

73. Accordingly, pursuant to 15 U.S.C. § 1681n, Equifax is liable to Plaintiff for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to enter judgment against Equifax for:

    a. The greater of statutory damages of $1,000 per incident or Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

    d. Such other relief that this Court deems just and proper.

## COUNT VIII

**NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A) against Equifax - In the Alternative to Count VII**

74. Plaintiff hereby incorporates paragraphs 1 – 41 as if fully stated herein.

75. Equifax owed Plaintiff a legal duty to reasonably investigate his disputes into the New Rez tradeline.

76. Equifax breached this duty under 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into the NewRez tradeline, since any reasonable investigation would have concluded that NewRez actually told Mr. Miller not to make a payment during the months it reported him as being late

77. Equifax's conduct was negligent, and pursuant to 15 U.S.C. § 1681o, Equifax is liable to Plaintiff for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to enter judgment against Equifax for:

a. Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

**JURY TRIAL DEMANDED**

Mr. Miller hereby demands a trial by jury on all issues so triable.

Respectfully submitted on January 26, 2026, by:

**SERAPH LEGAL, P. A.**

/s/ *Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar No.: 118103
Tbonan@SeraphLegal.com
3505 East Frontage Road, Suite 145, Tampa, Florida 33607 Tel: 813-321-2347
Fax: 855-500-0705
*Counsel for Plaintiffs*